IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA LANGEVIN and DEREK LANGEVIN, ) ) ) Plaintiffs, ) ) vs. ) ) ) SERVIS ONE, INC. d/b/a BSI ) FINANCIAL SERVICES; EXPERIAN ) INFORMATION SOLUTIONS, INC.; ) EQUIFAX INFORMATION SERVICES ) LLC; and TRANS UNION LLC, ) ) Defendants. ) ) | Case No. 1:23-cv-00414<br><br>**COMPLAINT FOR VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT** |

NOW COME the Plaintiffs, MELISSA LANGEVIN and DEREK LANGEVIN (collectively, "Plaintiffs"), by and through their attorneys, and for their Complaint against Defendants, SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and TRANS UNION LLC (collectively, "Defendants"), Plaintiffs state as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for Defendants' violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et seq.*, which regulates the furnishing and reporting of consumer credit information.

**JURISDICTION & VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under a law of the United States, the FCRA. In addition, the FCRA, 15 U.S.C. § 1681p, provides that this action may be brought in "any appropriate United States district court."

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time this action is commenced, Defendants' contacts with this District are sufficient to subject them to personal jurisdiction, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

4. Plaintiff MELISSA LANGEVIN is an individual who was at all relevant times residing in the Gurnee, Illinois.

5. Plaintiff DEREK LANGEVIN is an individual who was at all relevant times residing in the Gurnee, Illinois.

6. Defendant SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES ("BSI") is a business entity that provides financial lending services. BSI is a corporation of the State of Delaware, which has its principal place of business in Irving, Texas.

7. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a credit reporting agency. Experian is a corporation of the State of Ohio, which has its principal place of business in Costa Mesa, California.

8. Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") is a credit reporting agency. Equifax is a limited liability company of the State of Georgia, which has its principal place of business in Atlanta, Georgia.

9. Defendant TRANS UNION LLC ("Trans Union") is a credit reporting agency. Trans Union is a limited liability company of the State of Delaware, which has its principal place of business in Chicago, Illinois.

10. At all relevant times, Defendants Experian, Equifax, and Trans Union (hereinafter, collectively, "CRA Defendants") were each a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

11. Plaintiffs are both a "consumer" as that term is defined by 15 U.S.C. § 1681a(c), as they are both an individual.

12. Defendants are all a "person" as the term is defined by 15 U.S.C. § 1681a(b), as they are each a "corporation" or an "other entity."

13. On information and belief, Defendants Experian, Equifax, and Trans Union are persons which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which use any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and are all therefore a "credit reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

14. Defendants were responsible for reporting information on Plaintiffs' "consumer report[s]" as that term is defined by 15 U.S.C. § 1681a(d)(1).

## FACTUAL ALLEGATIONS

15. On or about August 4, 2017, Plaintiffs opened a joint mortgage loan account with BSI.

16. Plaintiffs arranged for their monthly mortgage payments to be drawn automatically from their bank account each month.

17. For over three years, Plaintiffs had no issues with their monthly mortgage payments, which would automatically post to their account each month in the amount of $1,279.87.

3

18. At no point during the life of Plaintiffs' loan did Plaintiffs put any portion of their monthly payments in escrow.

19. On or about September 28, 2020, BSI began making escrow disbursements without Plaintiffs' authorization or consent, causing multiple and prolonged issues with Plaintiffs' loan.

20. Plaintiffs continued allowing automatic monthly payments to be made on their loan in the usual amounts until they discovered that BSI had reported to Experian, Equifax, and Trans Union that Plaintiffs were late on their loan payments for December 2020, January 2021, February 2021, and March 2021.

21. In addition, BSI assessed Plaintiffs late fees on a monthly basis, which Plaintiffs never would have been incurred had BSI not mishandled Plaintiffs' account.

22. During or about March 2021, Plaintiffs complained about the incorrect late payment reports to a BSI representative, who assured Plaintiffs that their account history and the credit reporting errors would be rectified.

23. During or about May 2021, Plaintiffs received notification from BSI that their account was being reported as "current".

24. Despite BSI's assurances, on or about October 22, 2021, Plaintiffs were denied a lower interest rate when attempting to refinance the mortgage loan on their home. Plaintiffs' loan officer specifically advised Plaintiffs that the reason Plaintiffs could not obtain a lower interest rate was because BSI was reporting four late payments in a row on Plaintiffs' credit reports.

25. BSI has been providing derogatory and inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history to various credit reporting agencies including CRA Defendants.

26. BSI is aware that the credit reporting agencies to which they are providing this information, including Experian, Equifax, and Trans Union, are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance, and/or employment.

27. The inaccurate information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as debtors, and Plaintiff's credit worthiness.

28. Plaintiffs' Experian, Equifax, and Trans Union credit reports have been and will continue to be disseminated to various persons and credit grantors, both known and unknown.

29. Plaintiffs submitted written disputes to Experian, Equifax, and Trans Union explaining that the late payments being reported by BSI were inaccurate.

30. Upon information and belief, within five (5) days of Plaintiffs notifying Experian, Equifax, and Trans Union of said disputes, Experian, Equifax, and Trans Union notified BSI of Plaintiffs' disputes.

31. BSI then and there owed to Plaintiffs a duty to assist Experian, Equifax, and Trans Union in a reinvestigation into the disputed facts that are being reported about Plaintiffs.

32. Notwithstanding Plaintiffs' efforts and Defendants' duties, BSI continued furnishing the inaccurate information and Experian, Equifax, and Trans Union continued to publish and disseminate such inaccurate information on Plaintiff's credit reports.

33. Despite Plaintiffs' efforts to date, BSI has nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiffs.

34. Plaintiffs have been damaged, and continue to be damaged, in the following ways:

  a. Out of pocket expenses associated with disputing the information only to find the information to remain on their credit reports;

  b. Emotional distress and mental anguish associated with having incorrect derogatory personal information about Plaintiffs transmitted to other people and entities, both known and unknown;

  c. Denial of credit, loans, financing, and/or other damages, some of which may not yet known by Plaintiffs; and,

  d. Decreased credit scores which has resulted in the inability to obtain credit and which may result in the inability to obtain credit on future attempts.

35. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

36. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard of federal laws and the rights of Plaintiffs herein.

37. BSI violated the FCRA, 15 U.S.C. § 1681s-2(b), by engaging in conduct which includes, but is not limited to, the following:

  a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

  b. Willfully and negligently failing to review all relevant information concerning Plaintiffs' account provided to it;

  c. Willfully and negligently failing to report the accurate status of the information to all credit reporting agencies;

      d.      Willfully and negligently failing to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

      e.      Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account ,and other information concerning the Plaintiffs to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

      f.      Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

38.     Experian, Equifax, and Trans Union violated the FCRA, 15 U.S.C. § 1681i, by Defendants violated sections 1681n and 1681o of the FCRA by engaging in the conduct which includes, but is not limited to, the following, and which violates 15 U.S.C. § 1681s-2(b):

      a.      Willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed;

      b.      Willfully and negligently failing to review all relevant information Plaintiff provided to Defendants; and

      c.      Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff despite knowing that said information was inaccurate.

39.     Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages, and harm to Plaintiffs that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiffs for the full amount of statutory,

actual, and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

40. Plaintiffs incorporate all of the allegations and statements in paragraphs 1 through 39 above as if fully reiterated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

42. BSI negligently and willfully failed to comply with its obligations as a furnisher of information to consumer reporting agencies under 15 U.S.C. § 1681s-2(b).

43. Experian, Equifax, and Trans Union negligently and willfully failed to comply with their obligations to reasonably reinvestigate disputed information they were reporting under 15 U.S.C. § 1681i.

45. As a result of each and every negligent violation of the FCRA, Plaintiffs are entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1), and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

46. As a result of each and every willful violation of the FCRA, Plaintiffs are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2), and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3), from Defendants.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs MELISSA LANGEVIN and DEREK LANGEVIN, respectfully pray this Honorable Court enter judgment against Defendants SERVIS ONE, INC. d/b/a BSI

FINANCIAL SERVICES; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and TRANS UNION LLC as follows:

  a. An award of actual damages sustained by Plaintiff, pursuant to 15 U.S.C. § 1681o(a)(1);

  b. An award of statutory damages of $1,000.00 to Plaintiff for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

  c. An award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

  d. An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

  e. Pre-judgment and post-judgment interest; and

  f. Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

RESPECTFULLY SUBMITTED,

MELISSA LANGEVIN and DEREK LANGEVIN

By: /s/ David B. Levin
   Attorney for Plaintiffs
   Law Offices of Todd M. Friedman, P.C.
   707 Skokie Blvd., Suite 600
   Northbrook, IL 60062
   Phone: (224) 218-0882
   Fax: (866) 633-0228
   dlevin@toddflaw.com